**BAILEY GLASSER LLP**

1055 Thom. Jefferson St. NW
Washington, D.C. 20007
Tel: 202.463.2101
Fax: 202.463.2103

Joshua Hammack
jhammack@baileyglasser.com

September 17, 2024

**Via CM/ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**RE: Salazar v. National Basketball Association, No. 23-1147 (argued April 2, 2024)**

Dear Madam:

Pursuant to Rule 28(j), Michael Salazar notifies this Court of new relevant authority.

At oral argument, undersigned counsel began by pointing out that the Video Privacy Protection Act's ("VPPA") one-sentence liability clause refers to "*any* consumer" of a video tape service provider. 18 U.S.C. § 2710 (b)(1) (emphasis added). Minutes later, he highlighted that Congress used that word—"any"—again in the definition of "consumer": "[T]he term 'consumer' means *any* renter, purchaser, or subscriber of goods or services from a video tape service provider." *Id.* § 2710(a)(1) (emphasis added). He concluded: "That's our second textual hint that, as to the term 'consumer,' Congress was casting a very wide net."

While monitoring the Sixth Circuit's recently published decisions (because Mr. Salazar has a similar appeal pending there), undersigned counsel happened across *Patel v. Garland*, No. 23-3461, 2024 WL 4132153 (6th Cir. Sept. 10, 2024). That case underscores the significance of Congress's repeated use of the word "any" in the VPPA. The word "has an expansive meaning" such that the statutory term at issue in *Patel*—"any judgment"—referred broadly to "judgments 'of whatever kind.'" *Id.* at *4 (citing *Patel v. Garland*, 596 U.S. 328, 341 (2022)).

This reasoning confirms the VPPA's liability provision, by referring to "any consumer," broadly applies to consumers *of whatever kind*. Congress did not limit the statute's reach to a narrow subset of a video tape service provider's consumers. Similarly, *Patel* confirms the statutory definition of "consumer," by referring to "any renter, purchaser, or subscriber of goods or services," broadly applies to renters, purchasers, and subscribers of goods or services *of whatever kind*. Congress did not limit the provision with a narrow reference to audio-visual material.

The district court believed Mr. Salazar could be a statutory consumer only if he rented, purchased, or subscribed to audio-visual content. But Congress's repeated use of "any" should "stop[] that argument in its tracks." *Patel*, 596 U.S. at 341. The recent Sixth Circuit decision is yet another reason to reverse the district court's order dismissing Mr. Salazar's complaint.

Respectfully submitted,

*/s/ Joshua I. Hammack*
Joshua I. Hammack
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
(202) 463-2101

*Counsel for Appellant*

CC: To all counsel of record via the Court's electronic filing system